UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**Julio Velez,**

        Plaintiff,

                                            09 Civ. 6506 (NSR) (LMS)

        - against -                  **Memorandum & Order**

**Robert Cunningham,**

        Defendant.
-----------------------------------------------------------X

**NELSON S. ROMÁN, United States District Judge:**

        Julio Velez ("Petitioner" or "Velez"), *pro se*, filed a petition for a writ of habeas corpus. On October 20, 2009, this Court referred the petition to Magistrate Judge Lisa M. Smith for a Report and Recommendation ("R & R"). (Dkt. No. 3). On August 16, 2013, Judge Smith issued a 31–page R & R recommending that this Court deny the petition in its entirety. (Dkt. No. 27). On September 4, 2013 after receiving an extension from this Court, Petitioner filed an objection to the R & R.  (Dkt. No. 30).  For the reasons stated below, this Court will adopt Judge Smith's R & R in its entirety, and Petitioner's petition is denied.

## BACKGROUND[1]

        Petitioner's trial by jury commenced in Westchester County Court before Judge Adler on October 13, 2004. The jury convicted Petitioner of two counts of burglary in the Second Degree and one count of criminal possession of stolen property in the Third Degree, and he was sentenced to indeterminate terms of from twenty years to life imprisonment on the first two

---

[1] Facts are taken from the R & R, unless otherwise noted.

counts and to an indeterminate term of imprisonment of three and one-half to seven years on the third count, with all sentences to run concurrently.

On November 30, 2005, Petitioner appealed his conviction to the Appellate Division, Second Department. On February 6, 2007, the Appellate Division held that the trial court had erred in denying Petitioner's motion to reopen the suppression hearing, and remitted the matter to Westchester County Court for a *de novo* suppression hearing, to be conducted by a different judge, who was to report the results of the hearing. *People v. Velez,* 39 A.D.3d 38, 44 (2nd Dept. 2007).

The *de novo* hearing was conducted on June 18 and 19, 2007 by Westchester County Court Judge Rory Bellantoni. Judge Bellantoni issued a written report on the *de novo* hearing on October 30, 2007, in which he denied Petitioner's motion to suppress. *People v. Velez,* 18 Misc.3d 1102(A) (County Court 2007). On January 18, 2008, Petitioner submitted a supplemental brief to the Appellate Division in which he challenged the conclusions in Judge Bellantoni's report. Resp't's Mem. Ex. E. On February 10, 2009, the Appellate Division affirmed Petitioner's conviction, and adopted Judge Bellantoni's analysis. *People v. Velez,* 59 A.D.3d 572 (2nd Dept. 2009). On March 3, 2009, Petitioner submitted a letter application for leave to appeal this decision to the New York Court of Appeals. On May 11, 2009, the Court of Appeals denied leave to appeal. *People v. Velez,* 12 N.Y.3d 860 (2009).

Petitioner is currently serving his sentence at Auburn Correctional Facility. (Dkt. No. 28).

## *VELEZ'S HABEAS PETITION*

On June 19, 2009, Velez, proceeding *pro se,* filed a petition for a writ of habeas corpus that presents five grounds for relief: (1) the Westchester County District Attorney ("WCDA")

did not prove Velez's guilt beyond a reasonable doubt because the verdict was based on legally insufficient evidence and was against the weight of the evidence*;* (2) the trial court erroneously denied Velez's motion to reopen a suppression hearing; (3) Velez's sentence was excessive; (4) the trial court erroneously denied Velez's motion to suppress identification testimony; and (5) the WCDA failed to provide exculpatory evidence in a timely manner, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). (R & R at 1).

On October 20, 2009, this Court referred Velez's petition to Magistrate Judge Lisa M. Smith for a R & R. (Dkt. No. 3) On August 16, 2013, Judge Smith issued a 31–page R & R recommending that this Court deny the petition in its entirety. (Dkt. No. 27). On September 4, 2013, Velez submitted an objection to Judge Smith's R & R. Velez continues to assert that he is entitled to habeas relief. (Dkt. No. 30).

## DISCUSSION

### I. *STANDARD OF REVIEW*

In evaluating a Magistrate Judge's R & R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1). When a timely objection has been made to the Magistrate Judge's recommendations, "[the district court judge] shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Razo v. Astrue,* No. 04 Civ. 1348(PAC) (DF), 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y. 1991)). However, "the phrase *de novo determination* in section 636(b) (1), as opposed to *de novo hearing,* was selected by Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial

discretion, cho[oses] to place on a magistrate's proposed findings and recommendations.'" *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir. 1989) (quoting *United States v. Raddatz,* 447 U.S. 667, 676 (1980) (emphasis in original)). A federal court "may grant a writ of habeas corpus only if the state court's adjudication 'was contrary to, or involved an unreasonable application of, clearly established Federal law....'" *Dolphy v. Mantello,* 552 F.3d 236, 238 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(d)).

## II. *Exhaustion*

### A. Legal Standard

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, ... thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (citing *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865, (1995) (internal quotation and other citations omitted); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.; Bossett v. Walker,* 41 F.3d 825, 828 (2d Cir. 1994).

"A habeas petitioner has a number of ways to fairly present a claim in state court without citing 'chapter and verse' of the Constitution, including '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the

mainstream of constitutional litigation.'" *Hernandez v. Conway,* 485 F.Supp.2d 266, 273 (W.D.N.Y. 2007) (quoting *Daye v. Attorney General,* 696 F.2d 186, 194 (2d Cir. 1982)).

**B. Application**

Evidentiary rulings are generally based on state law principles. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1999) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[;][i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

If a petitioner has failed to exhaust his state-court remedies, but such remedies are no longer available, then his claims are "deemed" exhausted, but may also be barred by procedural default. *See Bossett v. Walker,* 41 F.3d 825, 828 (2d Cir. 1994); *Aparicio v. Artuz,* 269 F.3d 78, 90 (2d Cir. 2001).

**III.** *Procedural Bar*

**A. Legal Standard**

A federal judge may not issue a writ of habeas corpus if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes,* 433 U.S. 72, 81–85, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). A federal habeas court generally will not consider a federal issue in a case if a state court decision "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garvey v. Duncan,* 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna,* 534 U.S. 362, 375, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002)) (emphasis added). This rule applies whether the independent state law ground is substantive or procedural. *Id.*

A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent." *Clark v. Perez,* 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene,* 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

**IV. Sufficiency of Evidence**

Petitioner argues that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Petitioner has not alleged cause or prejudice, and he has not established actual innocence. The Appellate Division rejected Petitioner's legal insufficiency claim because he failed to comply with a state procedural rule and "in any event," the claim was denied on the merits. *See* Velez, 59 A.D.3d at 575. Thus his claim based on the alleged insufficiency of the evidence is procedurally defaulted and barred from federal habeas review on adequate and independent state law grounds. *Green v. Travis,* 414 F.3d 288, 294 (2d Cir. 2005).

**V.** *Review of Remaining Claims on the Merits*

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also, e.g., Noble v. Kelly,* 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander,* 543 F.3d 94, 100 (2d Cir. 2008). This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster,* ––– U.S. –––, –––, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (citations omitted).

A state-court decision is "contrary to" clearly established federal law if the state court's conclusion on a question of law is "opposite" to that of the Supreme Court or if the state court decides a case differently than the Supreme Court's decision "on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision involves an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case. *Id.*

Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo. Washington v. Shriver,* 255 F.3d 45, 55 (2d Cir. 2001).

The Appellate Division concluded that, as Judge Bellantoni had determined, the witnesses' in-court identification of Velez was admissible because their identification was

7

"based on a sufficiently established independent source." *People v. Velez,* 59 A.D.3d 572 (2d Dep't 2009). Moreover, Velez's challenge to the admission of identification testimony is not a challenge to the procedures used by the state courts. He challenges the outcome of the proceeding, and therefore this does not qualify as a claim that there was an underlying breakdown in the corrective process sufficient to permit habeas review of this claim.

## VI. Sentencing

Petitioner claims that his sentence was excessive. Petitioner's claim that the trial court improperly sentenced him is noncognizable. Judge Smith notes that this claim is not procedurally defaulted, because petitioner did not bring the claim to the highest available state court. A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent." *Clark v. Perez,* 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). Petitioner cites no cause or prejudice. This is an alternative basis for dismissal of this claim.

Pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the prosecution has an obligation to disclose evidence in its possession that is favorable to the defendant and material. *See id.* at 87. Evidence is material for *Brady* purposes, "only 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Persico,* 645 F.3d 85, 111 (2d Cir. 2011) (quoting *Strickler v. Greene,* 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)) (other internal quotation marks and citations omitted), *cert. denied,* No. 11–6834, 2011 WL

4901428 (U.S. Nov.14, 2011). The prosecution must disclose not only exculpatory evidence, but also evidence that could be used to impeach a government witness. *See Giglio v. United States,* 405 U.S. 150, 154–55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Persico,* 645 F.3d at 111.

To obtain habeas relief, Velez would have to show that the prosecutor's decision not to provide him with exculpatory evidence in a timely manner "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Portalatin v. Graham,* 624 F.3d 69, 79 (2d Cir. 2010) (en banc), *cert. denied,* 131 S.Ct. 1691, *and cert. denied,* ––– U.S. ––––, 131 S.Ct. 1693, 179 L.Ed.2d 646 (2011). This highly deferential standard is intended to be "a 'guard against *extreme malfunctions* in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* –––  U.S. ––––, ––––, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in the judgment)) (emphasis added). State court decisions must "be given the benefit of the doubt," *Felkner v. Jackson,* ––– U.S. ––––, ––––, 131 S.Ct. 1305, 1307, 179 L.Ed.2d 374 (2011) (internal quotation marks and citation omitted), and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter,* 131 S.Ct. at 786.

Velez bears the burden of proving a constitutional violation. *See Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997). Velez never raised this *Brady* claim in any of his state court proceedings. Thus, Velez failed to exhaust his *Brady* claim. Velez fails to provide any facts in support of this claim and it is impossible to determine whether he could still raise this claim in

9

state court by way of a collateral attack. A certificate of probable cause should not issue because Velez presents no questions of substance for review.

## *CONCLUSION*

Upon review of Petitioner's objections and finding Judge Smith's decisions on timeliness, procedural bars, and the merits to be correct and appropriate upon *de novo* review, *see* Fed.R.Civ.P. 72(b), the Court adopts the findings and conclusions set forth in Judge Smith's Report and Recommendation in their entirety. Velez's petition for a writ of habeas corpus is DENIED.

This Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A), because Velez has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court further finds that any appeal from this order would not be taken in good faith. See *Coppedge v. United States,* 369 U.S. 438, 445–46 (1962).

The Clerk of the Court is directed to close this case and to mail a copy of this order via certified mail to Julio Velez ( *pro se* ), DIN # 04–A–6809, Auburn Correctional Facility, P.O. Box 618, Auburn, N.Y. 13024.

Dated:  September 16, 2013
       White Plains, New York

SO ORDERED:

_____ 9/16/13
NELSON S. ROMÁN
United States District Judge